not seriously imperil the complainant's business. A sufficient answer is that it will not seriously imperil the defendant's business to stop infringing, and as the complainant is in the right and the defendant is in the wrong the latter should give way. The effect of the injunction upon others, not parties to the suit, cannot be considered now.

The court fully appreciates all that has been urged as to the harsh and arbitrary character of the remedy prayed for, and yet, remembering the innumerable obstacles which beset a recovery of damages and profits, it must be conceded that an injunction is the only adequate remedy left open to the inventor. It has, however, never been issued in this court except in cases where the right was clearly established. That this is such a case there can be little doubt. The circuit court of Massachusetts did not hesitate to issue an injunction in January, 1891, and the complainant's case is far stronger now. The motion is granted.

---

CARTER & CO., Limited, v. HOUGHTON et al.

(Circuit Court, D. Massachusetts. January 20, 1891.)

No. 2,762.

PATENTS FOR INVENTIONS—VALIDITY—ANTICIPATION—PRELIMINARY INJUNCTION —DUPLICATE MEMORANDUM SLIPS.

On motion for preliminary injunction, it is held that the first claim of letters patent No. 288,048, issued November 6, 1883, to John H. Frink for an improvement in duplicate memorandum slips, is valid, and was not anticipated by devices made either under patent No. 266,189, issued October 17, 1882, to James L. O'Connor, or reissued patent No. 10,359, granted July 24, 1883, to John R. Carter.

In Equity. Bill by Carter & Co., Limited, against S. S. Houghton and others for infringement of letters patent No. 288,048, issued November 6, 1883, to John H. Frink, for an improvement in duplicate memorandum slips. One of the defenses was that the patent was anticipated by devices made under letters patent No. 266,189, granted October 17, 1882, to James L. O'Connor, and reissued letters patent No. 10,359, dated July 24, 1883, to John R. Carter upon original patent No. 252,646, issued January 24, 1882. On motion for preliminary injunction. Granted.

Charles H. Duell and N. Caryl Ely, for complainant.
Cowen, Dickerson, Nicoll & Brown, for defendants.

COLT, Circuit Judge. In the above-entitled case the motion for a preliminary injunction is granted. The court finds the first claim of the Frink patent valid, and that it was not anticipated by the O'Connor and Carter devices.

v.53F.no.6—37